```
 1
 2
 3
 4
 5
 6
 7
 8                        UNITED STATES DISTRICT COURT
 9                      SOUTHERN DISTRICT OF CALIFORNIA
10   UNITED STATES OF AMERICA,    ) Case No. 13CR2196-JLS
                                  )
11            Plaintiff,          )
                                  )
12            v.                  ) ORDER TO EXCLUDE TIME FROM
                                  ) JULY 31 UNTIL OCTOBER 25, 2013,
13   JAN HARALD PORTOCARRERO (1), ) BASED ON THE ENDS OF JUSTICE,
        aka Leo, et al.,          ) UNDER 18 U.S.C. § 3161(h)(7)
14                                )
              Defendants.         )
15   _____)
16
```

17     Based on the United States' and the defense's oral motions to
18 exclude time under the Speedy Trial Act from July 31 until October 25,
19 2013, based on the ends of justice, this Court FINDS:

20     1.  On July 31, 2013, the Court held a motion hearing at which
21 all defendants were present, except for: (1) defendant Erik
22 Portocarrero, who is in extradition proceedings in Norway;
23 (2) defendant Nilesh Patel, who was represented in absentia by
24 Jerry M. Leahy, Esq.; and (3) corporate defendant Macho Sports
25 International Corp., who was represented in absentia by Richard P.
26 Lasting, Esq., making a special appearance.

27     2.  At the hearing, all defense counsel in attendance jointly
28 made an oral request to continue the motion hearing in this case from

July 31 until October 25, 2013. The United States indicated that it had no objection to the requested continuance.

3. The United States and the defense made a joint oral motion to exclude the time between July 31 and October 25, 2013, from the Speedy Trial Act calculations, based on the ends of justice.

4. The Court conducted an appropriate inquiry to determine: (1) "whether the various parties actually want and need a continuance," (2) "how long a delay is actually required," (3) "what adjustments can be made with respect to the trial calendars or other plans of counsel," and (4) "whether granting the requested continuance would 'outweigh the best interest of the public and the defendants in a speedy trial.'" United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (citations omitted).

5. Defense counsel stated that they actually wanted the requested continuance, and the United States had no objection. Defense counsel also stated that the continuance was necessary to have enough time to adequately review discovery and prepare for pretrial and trial proceedings.

6. The discovery released in this case so far is extensive, as it consists of thousands of pages of reports, logs, and wiretap line sheets, as well as thousands of audio files of wiretapped and recorded calls. The wiretap interceptions occurred over three separate 30-day periods, amounting to roughly three months of wiretapped calls.

7. The case is complex, as there are 19 defendants and the charges cover offense conduct that spans nearly two decades, from 1995 to 2013. In addition, the racketeering conspiracy charged in Count 1 is a complex charge that may raise novel questions of fact and law.

8. It appears that October 25, 2013, is the earliest feasible

date for the motion hearing, consistent with the trial calendars and other plans of counsel.  Counsel will need a delay of at least that much time to prepare for pretrial proceedings, including pretrial motions, as well as for the trial itself.

9.   Failure to grant the requested continuance would result in a miscarriage of justice, as it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days, absent the exclusion of time for the requested continuance.

10.  The ends of justice served by granting the requested continuance (and excluding the time between July 31 and October 25, 2013) outweigh the best interest of the public and the defendants in a speedy trial.

WHEREFORE, good cause having been shown, it is hereby **ORDERED** that the time from July 31, 2013, through October 25, 2013, is excluded from the Speedy Trial Act calculations, under 18 U.S.C. § 3161(h)(7).

DATED:  August 1, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge