```
                                        FILED

                                     14 JAN 21 PM 3:34

1  LAURA E. DUFFY
   United States Attorney              CLERK, U.S. DISTRICT COURT
2  ANDREW G. SCHOPLER                  SOUTHERN DISTRICT OF CALIFORNIA
   Assistant United States Attorney
3  California State Bar No.236585             KCM
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 546-8068

6  Attorney for Plaintiff
   United States of America
7
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 13CR2196-JLS |
|---|---|
| Plaintiff, | ) |
|  | ) PROTECTIVE ORDER |
| v. | ) |
| JAN HARALD PORTOCARRERO, et al. | ) |
| Defendant. | ) |

Under Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations,

IT IS HEREBY ORDERED that the defendants, their counsel of record, and the counsel's assistants, as hereafter defined, shall not disclose the substance of any discovery material received from the United States in the above-captioned matter, including all wiretap documents, to any third party, unless such material is already a matter of public record, without prior approval of this Court;

//

1  Under Rule 16(d) of the Federal Rules of Criminal Procedure,

2  IT IS FURTHER ORDERED that the United States Attorney and the
3  Assistant United States Attorney assigned to this case (hereafter
4  collectively referred to as "the United States") and their assistants,
5  the defendants, their counsel and their assistants, shall not disclose
6  the substance of any discovery material produced to the defendants or
7  obtained by the United States from the defendants, unless such material
8  is already a matter of public record, to representatives of the media
9  or other third parties not involved in the investigation or prosecution
10 of the case.

11 Nothing contained herein shall prevent the United States, or any
12 defendant or their counsel, from disclosing such discovery material to
13 any other attorneys working for the United States, the defendants or
14 their counsel, government agents (federal, state or local), private
15 investigators, experts, secretaries, law clerks, paralegals, or any
16 other person who is working for the United States or the defendants and
17 their counsel (collectively referred to as "assistants") in the
18 investigation or preparation of this case or, with respect to the United
19 States and its assistants only, in other criminal investigations,
20 without prior court order.

21 Further, nothing contained herein shall preclude the
22 United States, defendants or their counsel, or their respective
23 assistants from conducting a normal investigation of the facts of this
24 case on behalf of the United States or the defendants, or with respect
25 to the United States and its assistants only, from conducting an
26 investigation of other criminal activity, including interviewing

27
28

1  witnesses disclosed by discovery materials, or from taking statements
2  from witnesses disclosed by discovery materials, or from asking
3  witnesses if they themselves have made prior statements to the
4  United States that are disclosed in the discovery materials, and about
5  the contents of such statements. In connection with any such
6  investigation, it shall not be necessary that the United States, the
7  defendants or their counsel, or their respective assistants, obtain
8  prior permission of this Court.

9  Should counsel withdraw or be disqualified from participation in
10 this case, any material received and any copies derived therefrom, shall
11 be returned to the United States within ten (10) days.

12 Defense counsel and the United States shall be required to
13 communicate the substance of this order and explain it to their clients
14 and assistants before disclosing the substance of the discovery to their
15 clients or assistants.

16 SO ORDERED.
17 DATED: 1/17, 2014

Hon. JANIS L. SAMMARTINO
United States District Judge

20 I consent to the entry of the foregoing protective order.
21 DATE: JANUARY 14, 2014

ANDREW C. SCHOPLER
Assistant United States Attorney

DATE: 1/9, 2014

GINA TENNEN
Attorney for Emed G. Sidaros (10)

3