1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              Case No.  13cr2196-JLS

11                Plaintiff,                PRELIMINARY ORDER OF
                                            CRIMINAL FORFEITURE
12        v.

13   SALVATORE GIACOMO GROPPO (16),

14                Defendant.

15

16        WHEREAS, in the Superseding Indictment in the above-captioned case, the

17   United States sought forfeiture of all right, title and interest in specific properties of

18   the    above-named    Defendant,   SALVATORE   GIACOMO   GROPPO   (16)

19   ("Defendant"), pursuant to pursuant to Title 18, United States Code, Section 1963;

20   and

21        WHEREAS, on or about March 4, 2014, Defendant pled guilty before

22   Magistrate Judge Jan M. Adler to a 2-count Superseding Information, which plea

23   included consents to the forfeiture allegations of the Superseding Indictment,

24   including forfeiture of the following:

25        a.    Bank of America account number 01703-40000 in the name of Mokayef
     Capital, Inc., which was opened by defendant AMIR MOKAYEF as the President of
26   Mokayef Capital, Inc., on or about February 28, 2005;

27        b.    Wells Fargo Bank account number 73479200 the name of Amir
     Mokayef Separate Property Trust, which was opened by defendant AMIR
28   MOKAYEF as the trustee on or about May 20, 2009;

c.       Union Central policy number A00013128F in the name of "Mokayef Capital, Inc. 401k Profit Sharing Plan N which was opened by defendant AMIR MOKAYEF as the President of Mokayef Capital, Inc., on or about February 19, 2010;

d.       AEI Accredited Investor Fund VI account number 0170540707 in the name of "Mokayef Capital Inc. 401K PSP," which was opened by defendant AMIR MOKAYEF as the President of Mokayef Capital, Inc., on or about March 8, 2010;

e.       SEI Private Trust Company account number 415940 with a plan name 401K," which was opened by defendant AMIR MOKAYEF as the President of Mokayef of "Mokayef Capital, Inc., on or about September 1, 2010;

f.       Wells Fargo Bank account number 677385759 in the name of Joseph Barrios, which was opened by defendant JOSEPH BARRIOS, aka JB, on or about May 6, 1994;

g.       Wells Fargo Bank account number 8633243194 in the name Joseph Barrios Irrevocable Trust, which was opened by defendant JOSEPH BARRIOS, aka JB, as the trustee on or about January 4, 2008;

h.       Wells Fargo Bank account number 6786700523 in the name of Joseph Barrios, which was opened by defendant JOSEPH BARRIOS, aka JB, on or about May 17, 2012;

i.       an Audi R8, currently registered to Joseph Barrios, bearing VIN WUAVNAFG5BNOOl171, which was purchased by defendant JOSEPH BARRIOS, aka JB, in or about 2012;

j.       the real property located at 5848 Soledad Road, La Jolla, California (which defendant AMIR MOKAYEF purchased on or about October 20, 2006), legally described as: Assessor's Parcel Number (APN) 358-192 10, Lot 42 of Soledad Corona Estates Unit No. 1 in the City of San Diego, County of San Diego, State of California, according to map thereof no. 4008, filed in the Office of the County Recorder of San Diego County on November 7, 1958;

k.       $65,703.00 in U.S. currency seized from 5848 Soledad Rd., La Jolla, California (defendant AMIR MOKAYEF's residence);

l.       €2,065 in Euro currency seized from 5848 Soledad Rd., La Jolla, California (defendant AMIR MOKAYEF's residence);

m.       Chase Bank Cashier's Check No. 1461810323 in the amount of $10,000.00, payable to "Joe Bradley" and dated April 24, 2013, seized from 6323 Residencia, Newport Beach, California (defendant AMIR MOKAYEF's apartment);

n.       $2,199,526.00 in U.S. currency seized from safe deposit box number W9787 at Bank of America, 7680 Girard Ave., La Jolla, California (a safe deposit box assigned to an individual with the initials "J. F. ," but which was used to conceal currency belonging to defendant AMIR MOKAYEF);

o.       $31,710.00 in U.S. currency seized from 2809 Ocean Front Walk, Unit 2, Venice, California (defendant JOSEPH BARRIOS's residence);

p.    $44,782.00 in U.S. currency seized from 464 N. Ogden Dr., Apt. 2, Los Angeles, California (defendant RANDALL LEE IRWIN's residence);

q.    $496,500.00 in U.S. currency seized from the basement of 464 N. Ogden Dr., Los Angeles, California (a basement that was used by defendant RANDALL LEE IRWIN);

r.    $58,600.00 U.S. currency seized from 7657 Hinds Ave., North Hollywood, California (defendant LARRY NEIL GOLD's residence);

s.    $150,000 in U.S. currency seized from a safe in the garage of 7657 Hinds Ave., North Hollywood, California (defendant LARRY NEIL GOLD's residence);

t.    $6,007.00 in U.S. currency seized from 5227 Soledad Mountain Rd., San Diego, California (defendant MICHAEL CHRISTOPHER IACO's residence);

u.    $38,750.00 in U.S. currency seized from 7401 El Manor Ave., Los Angeles, California (defendant EMED G. SIDAROS's residence);

v.    $800.00 in U.S. currency seized from 6660 W. 87th Place, Los Angeles, California (defendant ISAAC PETE GHARIBEH's residence);

w.    $2,337.00 in U.S. currency seized from 25 Jib St., Apt. 2, Marina Del Rey, California (defendant DUNZMY JUNE NGUYEN's residence);

x.    31 Green Dot Money Paks, one Visa card bearing account number 4941594511903375, and one Visa Green Dot Card bearing number 27114606970018531701, al1 seized from 25 Jib St., Apt. 2, Marina Del Rey, California (defendant DUNZMY JUNE NGUYEN's residence);

y.    $88,400.00 in U.S. currency seized from 23671 Elkwood St., West Hills, California (defendant TODD MICHAEL HEFLIN's residence);

z.    $24,688.00 in U.S. currency seized from 6837 Citrine Dr., Carlsbad, California (defendant HOWARD ALAN BLUM's residence);

aa.    $377.00 in U.S. currency, seized from 13350 Greenstone St., San Diego, California (defendant SALVATORE GIACOMO GROPPO's residence);

bb.    $3,469.00 in U.S. currency seized from 5136 W. Washington Blvd., Los Angeles, California (defendant NILESH KUMAR AMBUBHAI PATEL's residence);

cc.    one Visa Green Dot Card, bearing account number 42503200004952991 and the name of Nilesh Patel, and two Green Dot Money Paks, all seized from 5136 W. Washington Blvd., Los Angeles, California (defendant NILESH KUMAR AMBUBHAI PATEL's residence);

dd.    DNB ASA bank account number 70140441870, belonging to defendant JAN HARALD PORTOCARRERO;

ee.    DNB ASA bank account number 12030225293, belonging to defendant JAN HARALD PORTOCARRERO;

ff.   DNB ASA bank account number 73146604266, belonging to defendant JAN HARALD PORTOCARRERO;

gg.   DNB ASA bank account number 73147104739, belonging to defendant JAN HARALD PORTOCARRERO;

hh.   9,771,162 Norwegian kroner (valued at roughly $1.6 million as of October 2013) in DNB ASA bank account number 73146642168, which is an account belonging to an individual with the initials "A.P." (on or about May 10, 2013, defendant JAN HARALD PORTOCARRERO transferred the 9,771,162 kroner into this account);

ii.   the real property located at Nyvei 21, 4900 Tvedestrand, Norway (which defendant JAN HARALD PORTOCARRERO purchased on or about July 31, 2007), legally described as: Knr 0914 gnr 74 bnr 142 seksjonsnr 9;

jj.   a Brig Eagle 645 motorboat, bearing identification number N7551537S (belonging to defendant JAN HARALD PORTOCARRERO);

kk.   DNB ASA bank account number 73141077667, belonging to defendant ERIK PORTOCARRERO;

ll.   DNB ASA bank account number 70140441862, belonging to defendant ERIK PORTOCARRERO;

mm.  DNB ASA bank account number 73146340463, belonging to defendant ERIK PORTOCARRERO;

nn.   the real property located at Nyvei 21, 4900 Tvedestrand, Norway (which defendant ERIK PORTOCARRERO purchased on or about July 19, 2007), legally described as: Knr 0914 gnr 74 bnr 142 seksjonsnr 16;

oo.   the real property located at Bygdøynesveien 34A, 0301 Oslo, Norway (which defendant ERIK PORTOCARRERO purchased on or about April 30, 2013), legally described as: Knr 0301 gnr 2 bnr 1077; and

pp.   a Norkapp Avant 600 motorboat, bearing identification number N3005084S (belonging to defendant ERIK PORTOCARRERO); and

WHEREAS, on March 28, 2014 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of item (aa) above, seized from the Defendant, pursuant to 18 U.S.C.

//

§ 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

        aa.    $377.00 in U.S. currency, seized from 13350 Greenstone St., San Diego, California (defendant SALVATORE GIACOMO GROPPO's residence); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced property which was found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received; and

WHEREAS, all properties, except the $377.00 in item (aa), which Defendant admitted forfeitable include properties not seized from him, and will be subject to forfeiture proceedings of co-defendants;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty plea of the Defendant, all right, title and interest of Defendant SALVATORE GIACOMO GROPPO (16) in the following properties are hereby forfeited to the United States:

    a.    Bank of America account number 01703-40000 in the name of Mokayef Capital, Inc., which was opened by defendant AMIR MOKAYEF as the President of Mokayef Capital, Inc., on or about February 28, 2005;

    b.    Wells Fargo Bank account number 73479200 the name of Amir Mokayef Separate Property Trust, which was opened by defendant AMIR MOKAYEF as the trustee on or about May 20, 2009;

    c.    Union Central policy number A00013128F in the name of "Mokayef Capital, Inc. 401k Profit Sharing Plan N which was opened by defendant AMIR MOKAYEF as the President of Mokayef Capital, Inc., on or about February 19, 2010;

    d.    AEI Accredited Investor Fund VI account number 0170540707 in the name of "Mokayef Capital Inc. 401K PSP," which was opened by defendant AMIR MOKAYEF as the President of Mokayef Capital, Inc., on or about March 8, 2010;

    e.    SEI Private Trust Company account number 415940 with a plan name 401K," which was opened by defendant AMIR MOKAYEF as the President of Mokayef of "Mokayef Capital, Inc., on or about September 1, 2010;

             13cr2196

f. Wells Fargo Bank account number 677385759 in the name of Joseph Barrios, which was opened by defendant JOSEPH BARRIOS, aka JB, on or about May 6, 1994;

g. Wells Fargo Bank account number 8633243194 in the name Joseph Barrios Irrevocable Trust, which was opened by defendant JOSEPH BARRIOS, aka JB, as the trustee on or about January 4, 2008;

h. Wells Fargo Bank account number 6786700523 in the name of Joseph Barrios, which was opened by defendant JOSEPH BARRIOS, aka JB, on or about May 17, 2012;

i. an Audi R8, currently registered to Joseph Barrios, bearing VIN WUAVNAFG5BNOOl171, which was purchased by defendant JOSEPH BARRIOS, aka JB, in or about 2012;

j. the real property located at 5848 Soledad Road, La Jolla, California (which defendant AMIR MOKAYEF purchased on or about October 20, 2006), legally described as: Assessor's Parcel Number (APN) 358-192 10, Lot 42 of Soledad Corona Estates Unit No. 1 in the City of San Diego, County of San Diego, State of California, according to map thereof no. 4008, filed in the Office of the County Recorder of San Diego County on November 7, 1958;

k. $65,703.00 in U.S. currency seized from 5848 Soledad Rd., La Jolla, California (defendant AMIR MOKAYEF's residence);

l. €2,065 in Euro currency seized from 5848 Soledad Rd., La Jolla, California (defendant AMIR MOKAYEF's residence);

m. Chase Bank Cashier's Check No. 1461810323 in the amount of $10,000.00, payable to "Joe Bradley" and dated April 24, 2013, seized from 6323 Residencia, Newport Beach, California (defendant AMIR MOKAYEF's apartment);

n. $2,199,526.00 in U.S. currency seized from safe deposit box number W9787 at Bank of America, 7680 Girard Ave., La Jolla, California (a safe deposit box assigned to an individual with the initials "J. F. ," but which was used to conceal currency belonging to defendant AMIR MOKAYEF);

o. $31,710.00 in U.S. currency seized from 2809 Ocean Front Walk, Unit 2, Venice, California (defendant JOSEPH BARRIOS's residence);

p. $44,782.00 in U.S. currency seized from 464 N. Ogden Dr., Apt. 2, Los Angeles, California (defendant RANDALL LEE IRWIN's residence);

q. $496,500.00 in U.S. currency seized from the basement of 464 N. Ogden Dr., Los Angeles, California (a basement that was used by defendant RANDALL LEE IRWIN);

r. $58,600.00 U.S. currency seized from 7657 Hinds Ave., North Hollywood, California (defendant LARRY NEIL GOLD's residence);

s. $150,000 in U.S. currency seized from a safe in the garage of 7657 Hinds Ave., North Hollywood, California (defendant LARRY NEIL GOLD's residence);

t.      $6,007.00 in U.S. currency seized from 5227 Soledad Mountain Rd., San Diego, California (defendant MICHAEL CHRISTOPHER IACO's residence);

u.      $38,750.00 in U.S. currency seized from 7401 El Manor Ave., Los Angeles, California (defendant EMED G. SIDAROS's residence);

v.      $800.00 in U.S. currency seized from 6660 W. 87th Place, Los Angeles, California (defendant ISAAC PETE GHARIBEH's residence);

w.      $2,337.00 in U.S. currency seized from 25 Jib St., Apt. 2, Marina Del Rey, California (defendant DUNZMY JUNE NGUYEN's residence);

x.      31 Green Dot Money Paks, one Visa card bearing account number 4941594511903375, and one Visa Green Dot Card bearing number 27114606970018531701, al1 seized from 25 Jib St., Apt. 2, Marina Del Rey, California (defendant DUNZMY JUNE NGUYEN's residence);

y.      $88,400.00 in U.S. currency seized from 23671 Elkwood St., West Hills, California (defendant TODD MICHAEL HEFLIN's residence);

z.      $24,688.00 in U.S. currency seized from 6837 Citrine Dr., Carlsbad, California (defendant HOWARD ALAN BLUM's residence);

aa.      $377.00 in U.S. currency, seized from 13350 Greenstone St., San Diego, California (defendant SALVATORE GIACOMO GROPPO's residence);

bb.      $3,469.00 in U.S. currency seized from 5136 W. Washington Blvd., Los Angeles, California (defendant NILESH KUMAR AMBUBHAI PATEL's residence);

cc.      one Visa Green Dot Card, bearing account number 42503200004952991 and the name of Nilesh Patel, and two Green Dot Money Paks, all seized from 5136 W. Washington Blvd., Los Angeles, California (defendant NILESH KUMAR AMBUBHAI PATEL's residence);

dd.      DNB ASA bank account number 70140441870, belonging to defendant JAN HARALD PORTOCARRERO;

ee.      DNB ASA bank account number 12030225293, belonging to defendant JAN HARALD PORTOCARRERO;

ff.      DNB ASA bank account number 73146604266, belonging to defendant JAN HARALD PORTOCARRERO;

gg.      DNB ASA bank account number 73147104739, belonging to defendant JAN HARALD PORTOCARRERO;

hh.      9,771,162 Norwegian kroner (valued at roughly $1.6 million as of October 2013) in DNB ASA bank account number 73146642168, which is an account belonging to an individual with the initials "A.P." (on or about May 10, 2013, defendant JAN HARALD PORTOCARRERO transferred the 9,771,162 kroner into this account);

//

ii.   the real property located at Nyvei 21, 4900 Tvedestrand, Norway (which defendant JAN HARALD PORTOCARRERO purchased on or about July 31, 2007), legally described as: Knr 0914 gnr 74 bnr 142 seksjonsnr 9;

jj.   a Brig Eagle 645 motorboat, bearing identification number N7551537S (belonging to defendant JAN HARALD PORTOCARRERO);

kk.   DNB ASA bank account number 73141077667, belonging to defendant ERIK PORTOCARRERO;

ll.   DNB ASA bank account number 70140441862, belonging to defendant ERIK PORTOCARRERO;

mm.  DNB ASA bank account number 73146340463, belonging to defendant ERIK PORTOCARRERO;

nn.   the real property located at Nyvei 21, 4900 Tvedestrand, Norway (which defendant ERIK PORTOCARRERO purchased on or about July 19, 2007), legally described as: Knr 0914 gnr 74 bnr 142 seksjonsnr 16;

oo.   the real property located at Bygdøynesveien 34A, 0301 Oslo, Norway (which defendant ERIK PORTOCARRERO purchased on or about April 30, 2013), legally described as: Knr 0301 gnr 2 bnr 1077; and

pp.   a Norkapp Avant 600 motorboat, bearing identification number N3005084S (belonging to defendant ERIK PORTOCARRERO).

2.   Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

3.   The United States is hereby authorized to take custody and control of the $377.00 in U.S. currency seized from 13350 Greenstone St., San Diego, California (defendant SALVATORE GIACOMO GROPPO's residence), which is forfeited to the United States pursuant to Title 18, U.S.C. § 981(a)(1)(C) and Title 28, U.S.C. § 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n); and

4.   The $377.00 is to be held by the United States Marshals Service in its secure custody and control.

5.   Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

6.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the $377.00 in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in forfeited $377.00 must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the $377.00, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

8.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $377.00 that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

9.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned $377.00, in which all interests will be addressed.

DATED:  April 16, 2014

_Janis L. Sammartino_
JANIS L. SAMMARTINO, Judge
United States District Court